UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RAYMOND R. WILLARD, )
)
    Plaintiff, )
)
v. ) CIV. NO. 3:12-CV-134
) (PHILLIPS/GUYTON)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

ORDER OF REMAND UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and in light of the parties' motion to remand this action, this Court, upon substantive review, hereby enters a judgment reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner according to the following terms. See Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 97-98 (1991).

The parties agree that, on remand, the Appeals Council will instruct the Administrative Law Judge (ALJ) as follows: (1) update the treatment evidence on Plaintiff's physical and mental condition; (2) identify and discuss the paragraph "B" criteria pursuant to 20 C.F.R. §§ 404.1520a, 416.920a, addressing the record evidence for and against the assigned degree of limitation in the four functional areas (activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation); (3) expressly evaluate all record opinion evidence, particularly from treating psychiatrist David B. Manning, M.D. (Helen

Ross McNabb Center Adult Services), and explain the reasons for the weight given to such opinions; (4) further consider Plaintiff's residual functional capacity, including any limitations related to his mental impairments and in light of the updated evidentiary record; (5) further consider whether Plaintiff can perform any past relevant work with the limitations established by the updated evidentiary record; and (6) secure supplemental vocational evidence to clarify the effect of the assessed limitations on Plaintiff's occupational base, ensuring that such testimony is consistent with the Dictionary of Occupational Titles (Social Security Ruling 00-4p).

If a fully favorable decision can be rendered by the ALJ based upon a review of the updated evidentiary record without the benefit of additional testimony, then a hearing will not be necessary. Otherwise, the ALJ will conduct a supplemental hearing, obtain vocational evidence as necessary, and provide Plaintiff with the opportunity to testify and present any additional evidence in support of his claim. The ALJ will then issue a new decision.

The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

s/ Thomas W. Phillips
United States District Judge

Proposed by:

s/ Loretta S. Harber
TN BP#: 007221
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902